IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL DAVID BOLDORFF, | ) | |
|     Petitioner, | ) | Civil Action No. 08-109 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| SUPERINTENDENT NISH, et al., | ) | |
|     Respondents. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

### II.    REPORT[1]

In November 2001, Petitioner Daniel David Boldorff was charged in the Court of Common Pleas of Erie County with sexually abusing a minor victim over a four or five year period of time, beginning when the victim was eleven years old. Kevin M. Kallenbach was Petitioner's attorney. Petitioner proceeded to trial, at the conclusion of which the jury convicted him of the following crimes: one count each of statutory sexual assault; aggravated indecent assault of person less than 16 years of age; involuntary deviate sexual assault of person less than 16 years of age; indecent assault of person less than 13 years of age; and, corruption of minors.

---

[1]     Respondents have submitted to the Court the original state court record, which includes the Court of Common Pleas' file, all relevant transcripts, and the briefs filed with the Superior Court of Pennsylvania. The documents contained in the file of the Court of Common Pleas are numbered 1 through 52 and shall be cited to as "CP Dkt. No. ___."

1

In the instant petition for writ of habeas corpus, Petitioner raises the following 11 claims, which are set forth verbatim:

**Claim 1**  Failure of Defense Counsel [Attorney Kallenbach] to call 3 witnesses [Carrie Nunemaker, Paul Roberts, and Eleanor Griffin] who would have offered reputation testimony as to the complainant and otherwise impeached her credibility constitutes ineffective assistance of counsel. (Have affidavits to support);

**Claim 2**  Failure of Defense Counsel to call the defendant to testify on his own behalf, or inducing the defendant into not testifying constitutes ineffective assistance of counsel;

**Claim 3**  Failure of Defense Counsel to [pursue] a legally sufficient colloquy appraising the defendant of his right to testify on his own behalf to ensure that his waiver was knowing and voluntary and not the result of counsel's influence constituted ineffective assistance of counsel;

**Claim 4**  Defense Counsel's failure to object to the admission of the plaintiff's diary into evidence due to the drastic alterations in handwriting, considerable amount of loose pages and a date being changed constitutes ineffective assistance of counsel;

**Claim 5**  Defense Counsel's failure to inform the Court, when told, that the wife of the defendant had a working relationship with the foreman of the jury constituting ineffective assistance of counsel. ([H]ave an affidavit to support);

**Claim 6**  Defense Counsel's failure to object to Prosecutor's closing argument as well as the Judge's charge to the jury where jury was told "all that is needed for a conviction is the victim's testimony" constitutes ineffective assistance of counsel;

**Claim 7**  Defense Counsel's failure to file proper post-sentence motions resulting in denial of direct appeal, then withdrew from case;

**Claim 8**  Appointed Public Defender's [Ines M. Massella's] failure to review the direct appeal;

**Claim 9**  Public Defender's failure to investigate when told of statements clearing the defendant. ([H]ave copy of letter to support);

**Claim 10**   PCRA Attorney [William J. Hathaway] failed to meet with defendant to discuss oral and written statements from witnesses prior to PCRA hearing and failure to call defendant's wife to witness stand;

**Claim 11**   PCRA Attorney's failure to investigate written affidavits from witnesses, to include an affidavit from Roy Thoms stating that he had contacted the District Attorney's office on September 8, 2004, but was turned away. These affidavits are evidence that should have been admitted or at the very least investigated.

[ECF No. No. 4 at p. 6].

## A.   Relevant Background

Following the denial of his post verdict motions (see CP Dkt. Nos. 13, 15-16, 21-24, 30), Petitioner, through Attorney Kallenbach, filed an appeal with the Superior Court of Pennsylvania. (CP Dkt. Nos. 25-28). On September 26, 2003, the Superior Court permitted Kallenbach to withdraw as counsel and Assistant Public Defender Ines M. Massella, Esq., was appointed to represent Petitioner. In Petitioner's subsequent Brief for Appellant, the following three claims were raised: (1) the verdict was against the weight of the evidence; (2) the evidenced was insufficient to sustain the convictions; and, (3) the sentence was manifestly excessive and unreasonable due to the consecutive nature of the sentences. (Br. for Appellant at pp. 4-30 in Commonwealth v. Boldorff, 649 WDA 2003 (Pa.Super.)).

On July 14, 2004, the Superior Court issued a Memorandum in which it affirmed Petitioner's judgment of sentence. (CP Dkt. No. 33, Commonwealth v. Boldorff, No. 649 WDA 2003, slip op. (Pa.Super. July 14, 2004)). Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania. Accordingly, his judgment of sentence became final on or around August 13, 2004, the date on which the 30-day period to do so expired. Pa.R.A.P. 1113; Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On or around July 5, 2005, Petitioner filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* (CP Dkt. No. 35). The PCRA Court appointed William J. Hathaway, Esq., to represent Petitioner who subsequently filed a Supplement to Motion For PCRA Relief. Therein, Petitioner appears to have raised the same ineffective assistance of counsel claims which he identifies in the instant petition as Claims 1 through 4. (CP Dkt. No. 45).

The PCRA Court presided over an evidentiary hearing on January 11, 2006, at which Petitioner, Carrie Nunemaker, Paul Roberts, Eleanor Griffin, and Attorney Kallenbach testified. (See 1/11/06 Hr'g Tr.). Following the hearing, the PCRA Court denied Petitioner's request for relief. (See CP Dkt. No. 51, Commonwealth v. Boldorff, No. 114 of 2002, slip op. (C.P. Erie July 14, 2006)). Petitioner, through Attorney Hathaway, filed an appeal with the Superior Court. On April 20, 2007, the Superior Court issued a Memorandum affirming the PCRA Court's decision. (CP Dkt. No. 52, Commonwealth v. Boldorff, No. 768 WDA 2006, slip op. (Pa.Super. Apr. 20, 2007)).

No petition for allowance of appeal was filed with the Supreme Court of Pennsylvania. Accordingly, Petitioner's PCRA proceeding concluded on or around Monday, May 21, 2007. That is the last date upon which he could have filed a petition for allowance of appeal. Swartz, 204 F.3d at 419-20.

Next, on April 17, 2008, Petitioner executed the instant petition for writ of habeas corpus. [See ECF No. 4 at p. 7]. This Court will assume that he submitted the petition to prison officials on that date and will consider that date as the date of filing pursuant to the prisoner mailbox rule. See Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998). Respondents have filed their Answer [ECF No. 9], in which they contend, *inter alia*, that the petition is untimely under the applicable statute of limitations, which is codified at 28 U.S.C.§ 2244(d).

4

**B.     Discussion**

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").  AEDPA requires, with a few exceptions not applicable here, that habeas corpus petitions under 28 U.S.C. § 2254, be filed within one year of the date the petitioner's judgment of sentence became final.  28 U.S.C. § 2244(d)(1)(A).[2]  It also provides that: "The time during which *a properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation* under this subsection."  Id. § 2244(d)(2) (emphasis added).

As set forth above, Petitioner's judgment of sentence became final on or around August 13, 2004; therefore, the one-year period for filing his federal habeas petition began to run on that date.  He filed his PCRA petition on or around July 5, 2005.  Thus, the PCRA petition tolled AEDPA's statute of limitations after 326 days had expired (that is, from August 13, 2004, to July 4, 2005).

On April 20, 2007, the Superior Court issued its Memorandum in which it affirmed the PCRA Court's decision denying post-conviction relief.  Petitioner had 30 days (until on or around Monday, May 21, 2007) in which to file a petition for allowance of appeal to the Supreme Court of Pennsylvania. The PCRA proceeding is deemed to be pending during that time and therefore AEDPA's limitations period continued to be tolled through May 21, 2007.  See, e.g., Swartz, 204 F.3d at 419-20.  After that date, AEDPA's limitations period began to run again, and Petitioner, having approximately 39 days

---

[2]     Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period.  His petition for writ of habeas corpus does not indicate that he suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B).  He has not asserted that his claims are based on a new constitutional right recognized by the Supreme Court of the United States and made retroactive to cases on collateral review. Id. at § 2244(d)(1)(C).  He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

5

remaining before AEDPA's statute of limitations expired, had until on or around Monday, July 2, 2007, to file a timely federal habeas petition with this Court.

Petitioner did not initiate proceedings in this Court until, at the very earliest, April 17, 2008, which is approximately 290 days after the expiration of AEDPA statute of limitations.[3] Therefore, the petition is untimely.

Based upon all of the foregoing, this case should be denied because all of Petitioner's claims are barred by AEDPA's statute of limitations.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S.

---

[3] Recently, the United States Supreme Court held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." Holland v. Florida, — U.S. — , 130 S.Ct. 2549, 2560 (2010). The Court of Appeals for the Third Circuit has held that "[e]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). It also has cautioned that "courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) (internal quotations, citations, and bracketed text omitted). A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) *some extraordinary circumstance stood in his way and prevented timely filing*. Holland, 130 S.Ct. at 2562. Petitioner does not assert that he is entitled to equitable tolling and has not directed the Court to anything in the record which indicates that its application would be appropriate in this case.

6

473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition was untimely filed. Accordingly, a certificate of appealability should be denied.

### **III.** **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 3, 2010

cc: The Honorable Sean J. McLaughlin
United States District Judge